UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

                                                Case No. 09-59242

KELVIN LANCE MADISON                  Chapter 7
LORI KAI MADISON                         HON. THOMAS J. TUCKER

       Debtor(s)
_____/

## DEBTOR'S RESPONSE TO TRUSTEE'S MOTION TO DISMISS

NOW COMES the Debtors, by and through their attorney, David I. Goldstein, and say, by way of their Response to Trustee's Motion to dismiss, that:

1. Debtor admits the allegations contained in paragraph 1 of the Motion for the reason that the same are true;

2. Debtors' admits the allegations contained in paragraph 2 of the Motion for the reason that the same are true;

3. Debtors' admits the allegations contained in paragraph 3 of the Motion for the reason that the same are true;

4. Debtors' admits the allegations contained in paragraph 4 of the Motion for the reason that the same are true;

5. Debtors' makes no response to the allegations contained in paragraph 5 of the Motion, being without sufficient knowledge, but leaves moving party to its proofs;

6. Debtors' makes no response to the allegations contained in paragraph 6 of the Motion, being without sufficient knowledge, but leaves moving party to its proofs;

7. Debtors' makes no response to the allegations contained in paragraph 7 of the Motion, as no response is necessary;

8. Debtors' makes no response to the allegations contained in paragraph 8 of the Motion, as no response is necessary;

9. Debtors' makes no response to the allegations contained in paragraph 9 of the Motion, as no response is necessary;

10. Debtors' admits the allegations contained in paragraph 10 of the Motion for the reason that the same are true;

11. Debtors' makes no response to the allegations contained in paragraph 11 of the Motion, being without sufficient knowledge, but leaves moving party to its proofs;

12. Debtors' admits the allegations contained in paragraph 12 of the Motion for the reason that the same are true;

13. Debtors' admits the allegations contained in paragraph 13 of the Motion for the reason that the same are true;

14. Debtors' denies the allegations contained in paragraph 14 of the Motion for the reason that the same are untrue;

15. Debtors' makes no response to the allegations contained in paragraph 15 of the Motion,

    being without sufficient knowledge, but leaves moving party to its proofs;

16. Debtors' makes no response to the allegations contained in paragraph 16 of the Motion,

    being without sufficient knowledge, but leaves moving party to its proofs;

17. Debtors' makes no response to the allegations contained in paragraph 17 of the

Motion,

being without sufficient knowledge, but leaves moving party to its proofs;

18. Debtors' admits the allegations contained in paragraph 18 of the Motion for the reason that the same are true;

19. Debtors' makes no response to the allegations contained in paragraph 19 of the Motion,

Debtors's state that the schedules filed speak for themselves;

20. Debtors' denies the allegations contained in paragraph 20 of the Motion for the reason that the same are untrue;

21. Debtors' makes no response to the allegations contained in paragraph 21 of the Motion,

being without sufficient knowledge, but leaves moving party to its proofs;

22. In response to the allegations contained in paragraph 22 of the Motion, Debtors's state that the schedules filed speak for themselves;

23. makes no response to the allegations contained in paragraph 23 of the Motion, as no response is necessary;

24. Debtors' denies the allegations contained in paragraph 24 of the Motion for the reason that the same are untrue;

25. Debtors' denies the allegations contained in paragraph 25 of the Motion for the reason that the same are untrue;

26. Debtors' denies the allegations contained in paragraph 26 of the Motion for the reason that the same are untrue;

27. Debtors' denies the allegations contained in paragraph 27 of the Motion for the

reason that the same are untrue;

28. The Trustees Motion does not take into consideration the fact that Debtor Lori Madison is employed by the County of Wayne and is taking a mandatory pay cut as of September 2009;

WHEREFORE Debtors pray that the Motion be denied.

Dated: August 25, 2009  /s/ David I. Goldstein
David I. Goldstein (P14130)
Attorney for Debtors
2010 Hogback, Ste. 2
Ann Arbor, MI 48105
(734)971-0110